IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-02745-WYD

STATE FARM FIRE & CASUALTY COMPANY, as subrogee of Elizabeth Simpson,

    Plaintiff,

v.

JCS/THG, LLC, a Delaware Limited Liability Company, f/k/a The Holmes Group,

    Defendant.

## ORDER OF REMAND

    THIS MATTER is before the Court on a review of the Notice of Removal filed December 16, 2008 by Defendant Sunbeam Products, Inc., a successor in interest to the above-captioned Defendant.  By way of background, this case arises from fire damage to a house owned by Plaintiff's subrogor.  Plaintiff alleges that the fire was caused by a fan manufactured by Defendant.  Plaintiff claims negligence, strict product liability, and breach of warranties on behalf of the Defendant, entitling Plaintiff to benefits under Colorado statutory law.

    Defendant's Notice of Removal asserts that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a).  Defendant asserts therein that the amount in controversy requirement is satisfied.  Further, Defendant asserts that Plaintiff is incorporated in the State of Illinois and has as its principal place of business the State of Illinois, Plaintiff's subrogor Elizabeth Simpson is a resident of the State of Colorado, and Defendant is a Delaware corporation with its principal place of business as the State of Florida.  Thus,

Defendant contends that complete diversity of citizenship exists in this case.

After carefully reviewing the pleadings, I find that this case must be remanded based on the failure of the Defendant to show that the amount in controversy is satisfied. The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]." *Laughlin*, 50 F.3d at 873 (quotation omitted). In other words, the amount in controversy must be affirmatively established on the face of either the petition or notice of removal. *Id*. The removal statute is construed narrowly. *Martin*, 251 F.3d at 1289.

In this case, the allegations of the complaint do not show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). Thus, I turn to the Notice of Removal. The Notice of Removal fails to allege any specific amount of damages. It merely references the civil cover sheet filed in state court contemporaneously with the complaint, which represents that the plaintiffs are seeking a monetary judgment for more than $100,000, exclusive of interest and costs.

I find that the Notice of Removal's vague statements in connection with the amount in controversy and the reference therein to the civil cover sheet filed in state

court are not sufficient to establish that the jurisdictional amount is satisfied. The amount in controversy has not been affirmatively established on the face of either the Complaint or the Notice of Removal as required by 28 U.S.C. § 1332(a)(1). Further, as to reliance on the civil cover sheet, a number of cases from this Court have held that reliance solely on the civil cover sheet filed in state court to establish the jurisdictional amount is insufficient, and I incorporate their reasoning herein. *See Baker v. Sears Holding Corp.*, No. 07-cv-01106-MSK-MEH, 2007 WL 2908434, at * 3-4 (D. Colo. Oct. 3, 2007); *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534, at *1 (D. Colo. June 22, 2007); *Hardin v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852, at *3 (D. Colo. May 15, 2007); *see also Dean v. Illinois Nat. Ins. Co.,* Civil Action No. 07-cv-01030-MSK-MJW (Order Remanding Action) (D. Colo. Oct. 5, 2007).

In finding that Defendants have not established the jurisdictional amount, I am guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction. Accordingly, it appears that the Court lacks subject matter jurisdiction over this action and I find that this matter must be remanded to the State Court. *See* 28 U.S.C. § 1447(c). It is hereby

ORDERED that the Clerk of Court is directed to **REMAND** this action to the District Court, County of Boulder, State of Colorado, from which the case was removed.

Dated: January 16, 2009.

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge